PER CURIAM.
This is an appeal by the State from the sustaining of a motion to quash dismissing a charge of felony theft because of the failure to prosecute.
Prosecution was instituted on April 2, 1969 against Joyce Carr for the theft of $800.00. The case was subsequently set for trial, upset and reassigned on numerous occasions. There were no preliminary pleas filed by the defendant until March 10, 1971. That motion was by counsel for defendant, seeking to be relieved as counsel. The motion was sustained on March 31, *872 1971. On March 25, 1971 the case had been “re-assigned” for October 13, 1971. The case was subsequently set and upset; this motion to quash was filed December 2, 1971, and sustained on April 13, 1972.
C.Cr.P. 578(2) provides that no trial shall be commenced in felony cases (other than capital) after two years from the date of institution of the prosecution. This time limitation can be interrupted by the flight of the accused, or because the accused cannot be tried for a reason beyond the control of the State. C.Cr.P. 579.
There is no contention by the State that there has been such an interruption of time limitation.
The filing of a “preliminary plea” suspends prescription. C.Cr.P. 580.
We hold the motion by defendant’s counsel to be relieved as her attorney of record was not such a “preliminary plea” referred to in C.Cr.P. 580, which would suspend the running of the period of limitation. The case was, at the time of the ruling on March 31, 1971, fixed for trial on the following October 13. The motion of this counsel to be relieved is not shown to have affected the State’s efforts to prosecute in any respect. C.Cr.P. 531 provides that all “pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of ‘not guilty’ and of ‘not guilty and not guilty by reason of insanity,’ shall be urged by a motion to quash.” The motion of the lawyer to withdraw as counsel is in no way related to a motion to quash, nor to a plea with reference to the guilt of the accused, and did not have the effect of suspending periods of limitation. The Code of Criminal Procedure, in Article 2, directs that its provisions “shall be construed to secure . . . the elimination of unjustifiable delay.” Like the trial judge, we can only conclude that the delay in this case was unjustifiable.
The judgment of the district court holding that the prosecution has prescribed and dismissing the charge is affirmed.