PER CURIAM.
On February 17, 1978, relator Debbie Cooper was charged by bill of information with theft, a violation of La. R.S'. 14:67. On July 22, 1980, after more than two years had elapsed without the case’s having been brought to trial, relator filed a motion to quash, asserting that prescription had run on the prosecution under Louisiana Code of Criminal Procedure Article 578.[1] Based on its conclusion that the defense had filed a preliminary plea that suspended the running of the time limitation [2], the trial court denied the motion to quash. We granted writs to consider the correctness of the ruling.
What the trial court regarded as a “preliminary plea” was a motion filed by former defense counsel to withdraw as counsel of record. Although cognizant of this Court’s holding that such a motion would not suspend prescription, State v. Carr, 271 So.2d 871, (La. 1973), the trial court found that here counsel had employed the motion to withdraw as a stratagem for effecting a continuance, thus altering its fundamental character. Were this the case, prescription would indeed have been suspended. However, the record does not support the court’s factual finding that counsel withdrew to force a continuance of the trial. Despite counsel’s release from his representation on November 21, 1979, he appeared in court with relator on December 10, 1979, the next scheduled trial date; and there is nothing in *1125 the record to contradict relator’s testimony that she and counsel were prepared on that occasion for trial[3], which in her account was continued due to the state’s unpreparedness. In fact, relator maintained that she had been present with counsel for all scheduled trial dates until July of 1980. By that time, when retained counsel first made his withdrawal known and occasioned a delay of the trial, prescription had already run.
Accordingly, as there was no suspension of the two-year period of limitation, the ruling denying relator’s motion to quash is reversed, and the motion to quash is granted; the defendant is ordered released.

. Article 578 provides that in non-capital felony cases no trial shall be commenced after two years from the date of institution of the prosecution.

. La. C.Cr.P. art. 580 provides: “When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.”

. The assistant district attorney prosecuting the case confirmed that retained counsel continued to act on relator’s behalf, not disclosing his withdrawal until July 1980.