442 So.2d 696 (1983)
STATE of Louisiana
v.
Earl HANEY.
No. 83 KA 0295.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee by Leila Withers, Asst. Dist. Atty.
James Farrier, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Earl Haney (defendant) was charged with the crime of simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2. He pled not guilty, waived his right to a jury trial, was tried and found guilty of simple burglary. He was sentenced *697 to two years at hard labor with credit for time served. The sentence was suspended, and defendant was placed on active supervised probation for a period of two years, with a special condition of probation that he make restitution of $150.00 to the victim. He now brings this appeal alleging one assignment of error.
ASSIGNMENT OF ERROR
Defendant argues that the trial court erred when it denied his motion to quash based on the grounds that more than two years had elapsed between the institution of prosecution and the commencement of trial.
Prosecution was instituted on August 25, 1980, when the bill of information was filed charging defendant with a violation of La. R.S. 14:62.2. The court minutes for Tuesday, January 6, 1981, indicate that Mr. James Farrier filed a motion for preliminary hearing on behalf of Reginald Huey. The preliminary hearing was scheduled for March 5, 1981. That motion[1] inadvertently was filed in the name of Reginald Huey, a co-defendant. Some confusion was created by this error which counsel corrected when defendant's motion to quash was heard. At that time counsel stated for the record:
Yes, I'd, I'dJudge, this matter isuh has been upuhfor trial on several occasions and reassigned. Uhand previous to that it was up on a motion for a preliminary examination, which was filed. I filed. And, the record shows that I filed it forthe client's name was Reginald Huey. I filed it for Earl Haney. I'll go on record to the effect that early in these proceedings I filed a motion for a preliminary examination and his name wasuhby error placed into the motion as Reginald Huey. But, that all along I have represented Earl Haney and Mr. Bob Oliver represented Reginald Huey in these matters.
On that date an oral motion for continuance was made by a codefendant and was granted over the State's objection. The hearing was reassigned for May 11, 1981. Neither defendant nor his counsel was present in court on March 5. On May 11, defendant and his counsel again failed to appear, and the court ordered the matter reassigned for July 15, 1981. On July 15 a hearing was held, the court found that probable cause existed, and a trial date was set for October 19, 1981. After that time, the trial date was reassigned on several occasions, sometimes on motion of the State, at least once on joint motion of the State and defendant, and once on defendant's motion. On September 22, 1982, defendant filed a motion to quash urging the two-year statute of limitations which is basically the same argument presented to us in this assignment of error. The motion to quash was denied by the court. On September 23 the case proceeded to trial, and defendant was found guilty of simple burglary.
Clearly, more than two years elapsed from the institution of prosecution on August 25, 1980, until the trial on September 23, 1982.
La.C.Cr.P. art. 578 sets forth the general rule as to limitations upon criminal trials and reads in pertinent part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; ...
La.C.Cr.P. art. 580 entitled "Suspension of time limitations," provides as follows:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
A heavy burden is placed on the state to show some interruption or suspension sanctioned by law to justify a trial of *698 the accused where the record reveals the lapse of time permitted by law between the filing of a felony charge and the trial of the accused. State v. Guidry, 395 So.2d 764 (La.1981).
The record clearly reveals that the two-year period for commencement of trial was not exceeded. From institution of prosecution on August 25, 1980, to the filing of defendant's motion for preliminary hearing on January 6, 1981, the total prescriptive time elapsed was four months and two weeks. As per La.C.Cr.P. art. 580, the running of prescription was suspended until July 15, 1981, the date of judgment on defendant's preliminary hearing. Defendant's trial was begun on September 23, 1982, a point in time fourteen months and one week into the running of prescription following the period of suspension and well within the 24-month period allowed under La.C.Cr.P. art. 578(2).
We find that the State has met its heavy burden of showing that a suspension of time occurred sanctioned by law and that the judge properly denied defendant's motion to quash.
There is no merit in this assignment of error.
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The written motion is not a part of this record but was filed in the Reginald Huey record.