442 So.2d 685 (1983)
STATE of Louisiana
v.
Glen GARBO.
No. 83 KA 0215.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*686 Jack J. Mendheim and Peter J. Garcia, Asst. Dist. Attys., Covington, for appellee.
Wendell E. Tanner, Slidell, for appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Glen Garbo, was charged by bill of information with simple burglary, in violation of La.R.S. 14:62, in connection with the break-in of a lounge in Slidell, Louisiana, on July 25, 1979. Prior to the trial on September 13, 1982, defendant moved for permission to file a motion to quash the information on the basis that the time limitations for the commencement of trial had expired. The trial court deferred consideration of the matter until after the trial on the merits. The jury convicted defendant as charged and he was subsequently sentenced to serve eight years at hard labor. Defendant then filed a written motion to quash the information, and without objection from the State, the court held an evidentiary hearing. The trial court denied the motion, finding adequate suspension of the prescriptive period to permit the State to continue prosecution. Defendant applied for writs to this court, seeking a *687 review of the ruling and the denial of an appeal bond. The court denied the writ on the basis that defendant had an adequate remedy on appeal. Defendant has now appealed, alleging three assignments of error:
1. The court erred in allowing into evidence a statement made by defendant to Detective John Passaro.
2. The court erred in allowing the State to obtain testimony of a prior inconsistent statement of Charles Brown.
3. The court erred in failing to grant the Motion to Quash based on the expiration of the time limits for the commencement of trial.
Assignment of Error Number One was not briefed and is thereby considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4. Finding merit in Assignment of Error Number Three, we pretermit discussion of Assignment of Error Number Two and, accordingly, reverse defendant's conviction.
Defendant was arrested on August 31, 1979, and arraigned on September 17, 1979, for the burglary of the Seville Lounge which took place in the early morning hours of July 25, 1979. At the time of the break-in, an alarm summoned the police, who arrived on the scene in time to observe two individuals leave the building and run through the woods nearby. Inside the building, the officers found burglary tools, a sack, and coins out of the machines which had been broken into. A car later determined to belong to defendant's mother was found outside the building and a check of the engine revealed that the vehicle had been recently used. Defendant and an accomplice were located and questioned within a few hours. The prosecution was instituted by the filing of a bill of information on August 30, 1979.
The Louisiana Code of Criminal Procedure in article 578 establishes the prescriptive periods for the commencement of criminal trials and prohibits the trial of non-capital felony matters beyond two years from the date of the institution of the prosecution. The articles following this provision provide for the interruption of the period of limitation (article 579) and the suspension of the time limitations (article 580).
The institution of prosecution begins with the filing of a bill of information. La.C.Cr.P. art. 934(7). By the provision of La.C.Cr.P. art. 578, the trial for this proceeding could not begin after August 30, 1981, without a showing that the time limits had been interrupted or suspended. In this regard, it should be noted that the State bears a heavy burden of proof to establish the interruption or suspension. State v. Williams, 414 So.2d 767 (La.1982). Yet at the hearing on the motion to quash, the State failed to present any evidence which would establish an interruption or a suspension. Interestingly enough, in opposition to defendant's application for writs and his appeal, the State argues only that defendant waived his right to assert the limitation by his failure to timely file a written motion to quash, and his failure to obtain a ruling on his oral motion at the trial on the merits.
A motion to quash based on the ground that the time limitation for the commencement of trial has expired may be filed at any time before commencement of trial. La.C.Cr.P. art. 535 B. The grounds for this motion are waived unless a motion to quash is filed in conformity with the governing provisions. La.C.Cr.P. art. 535 D. Defendant claims in brief that he moved the court to allow the filing of the motion to quash prior to trial. Although the transcript does not reflect this exchange, it does show that a bench discussion was held prior to the defense attorney's statement in the record that defendant was prepared to proceed to trial subject to his right to file a motion to quash. Defendant was clearly entitled of right to file his motion before trial without leave of court, and if there were any objections to the granting of the court's permission to permit the motion to be filed after trial, they should have been noted and defendant could have continued the case for a few minutes until the motion was prepared and filed. The State did not object. We believe *688 this failure of the prosecution to object at the time defense counsel announced they were proceeding subject to their right to file a motion to quash later, and the fact that the court actually heard the matter after the trial served to waive the statutory requirements, and the State's argument that the motion was not timely is rejected.
Because we consider the issue timely raised, we must now proceed to determine the correctness of the trial court's ruling denying the motion to quash. This will necessitate a somewhat detailed accounting of the relevant events as they occurred in this case. Our principle objective will be to determine if any suspension in the two year period took place.
As noted earlier, the bill of information charging defendant with the crime was filed August 30, 1979. Clearly, the two year period for the commencement of trial began to run at this point and it continued to run until September 27, 1979, when defendant filed numerous pleas. Thus, the period ran for 28 days. By November 6, 1979, these pleas had been disposed of to defendant's satisfaction, and it was also determined there existed probable cause to hold defendant for trial. As such, the period of limitation began to run once more on November 7, 1979.
On November 29, 1979, the defendant's attorney filed a motion to withdraw which was signed by the trial judge on December 5, 1979. It is at this point that the trial court erred in calculating the period of limitation. The lower court held the time period in abeyance from December 5, 1979 until March 14, 1980, when defendant's second attorney filed various pleas in the record. However, it has been held that where the motion to withdraw does not affect the State's efforts to prosecute, then such a motion is not tantamount to a "preliminary plea" as referred to in La.C.Cr.P. art. 580 (which would suspend the running of the period of limitation). State v. Carr, 271 So.2d 871 (La.1973); see also State v. Cooper, 389 So.2d 1124 (La.1980). The State did not carry the burden to show its prosecution of the case was affected in any way by the motion to withdraw. The State could have required the defendant to come into court and advise the court of his counsel (which it did at a later date on another matter). That it did not do so is an indication that the prosecution of the defendant was not affected. Thus, we hold that the period of limitation continued to run between November 6, 1979, (the date the initial preliminary pleas were disposed of) and March 14, 1980, when defendant's new counsel filed preliminary pleas of his own.[1] From November 7, 1979 until March 14, 1980, is an additional 128 days. Added to the previous period of 28 days, up to this point in time (March 14, 1980) it had been 156 days since the institution of prosecution.
Between March 14, 1980 and July 29, 1980, the defendant filed various motions which suspended the running of the period of limitation or joined with the State to continue the trial without dates, except for a period totaling 9 days. Thus, between March 14, 1980 and July 29, 1980, we add 9 days to the previous 156 days, giving us a total of 165 days since the institution of prosecution. On July 29, 1980, the case came up for trial but was continued without date on the motion of the district attorney. Although it was incumbent upon them to do so, no reason was given by the State at the hearing of the motion to quash or in brief why the trial was continued.
*689 Additionally, the minutes do not reflect that the defendant joined in this motion, nor did the trial judge find the defendant wished to have the trial continued. Accordingly, we find the period began to run once more on July 29, 1980.
It is agreed by everyone involved that nothing else was done on this case until April 26, 1982, when the defendant failed to appear in court (for a matter not identified in the record), his bond was ordered forfeited, and an arrest warrant was issued. (Defendant has argued that he never received the summons to appear in court on April 26, and that he thought the charges had been dropped when he heard nothing on the case for over a year). Following the April, 1982, court date, several items were placed on the court's docket at the behest of the defendant or made jointly by the defendant and the State. The case finally came on for trial on September 13 and 14, 1982. As we stated earlier, prior to the trial the defendant made known his intention to file a motion to quash which was later taken up and ruled upon by the court without objection from the State.
Returning to July 29, 1980, and counting forward up through April 26, 1982, one finds an additional 635 days had passed. When this figure is added to the 165 days which had run prior to July 29, 1980, it is clear that 800 days had run from the time the prosecution was instituted until the commencement of trial. This is a clear violation of the provisions of La.C. Cr.P. art. 578. We also note that the State has not presented any arguments or evidence to the trial court or this court suggesting an interruption of the period of limitation as per La.C.Cr.P. art. 579. Thus, because we find defendant's third assignment to have merit, we reverse the trial court's denial of defendant's motion to quash the bill of information and order defendant's conviction overturned and order the defendant discharged.
REVERSE AND DISCHARGE.
NOTES
[1] There was some concern expressed at the hearing regarding three motions to continue requested by the district attorney on January 14, 1980, and February 15 and 27, 1980, respectively. It was suggested that these may have been joint motions which would have suspended the period of limitations. However, the minutes reflect that these continuances were granted on the motion of the district attorney only and there was testimony from a minute clerk at the hearing on the motion to quash that if these motions would have been joined in by the defendant, the minutes would have reflected such. The State bears the burden to show that these were joint motions. Since it did not come forward with any evidence on this question, we will not second guess the minutes and assume the defendant joined in these motions to continue.