SHORTESS, Judge.
Kevin Blount and Darren Blount (defendants) were charged by bill of information with distribution of marijuana. LSA-R.S. 40:966 A (1). Kevin Blount was also charged in a separate bill of information with possession of cocaine. LSA-R.S. 40:967 C. Both bills of information were filed on April 11, 1984; and defendants pled not guilty on April 17, 1984. On May 11, 1984, defendants filed a motion to suppress and a motion for preliminary examination. On November 27, 1984, the trial court found probable cause to hold defendants and denied their motion to suppress. After numerous continuances, on December 22, 1986, defendants filed a motion to quash the bills of information based on the expiration of the time limits for the commencement of trial. On January 20, 1987, the trial court conducted a hearing on the defense motion to quash and granted the motion. The State has appealed pursuant to LSA-C.Cr.P. art. 912 B (1), alleging that the trial court erred in granting the motion to quash.
The procedural history of this case is as follows. The two bills of information were filed on April 11, 1984. On April 17, 1984, both defendants were arraigned and trial was scheduled for August 6, 1984. On May 11, 1984, defendants filed a motion to suppress and a motion for a preliminary *154 examination. These motions were originally scheduled for hearing on June 5, 1984. However, at the request of the district attorney, the trial court rescheduled the hearings for the motion to suppress and preliminary examination for June 19, 1984. The next minute entry indicates that the district attorney requested a continuance for Darren Blount’s trial from August 6 to October 1, 1984. Kevin Blount’s trial was continued from August 6 to November 12, 1984. Darren Blount’s trial date was continued (on request of his attorney) from October 1 to December 3, 1984. On November 12, 1984, the district attorney requested that both trials be continued until January 7, 1985. The preliminary examination and motion to suppress hearings were held on November 27, 1984. On this date, the trial court found probable cause to hold defendants and denied their motion to suppress. Although both trials were continued until January 7, 1985, the next minute entry is dated February 20, 1985. On this date, Kevin Blount’s trial was continued until April 30, 1985. The minutes give no reason for this continuance. However, Darren Blount’s trial, which was also moved to April 30, 1985, was continued on motion of the district attorney. The trials were rescheduled for August 19, 1985, and then November 18, 1985; but the minutes give no reasons for these two continuances. On November 20, 1985, both trials were continued to February 18, 1986, on motion of the district attorney. On February 18, 1986, Darren Blount’s trial was continued until the next day, but there is no minute entry for Kevin Blount. On February 19, 1986, both trials were continued until November 17, 1986, but the minutes give no reason for this continuance. On November 18, 1986, both trials were continued until January 19, 1987. Defendants’ first motion to quash was filed on December 22, 1986; and the second motion to quash was filed on December 29, 1986. On January 20, 1987, the trial court granted defendants’ motion to quash.
Louisiana Code of Criminal Procedure article 578 establishes the prescriptive periods for the commencement of criminal trials and prohibits the trial of non-capital felony matters beyond two years from the date of the institution of the prosecution. The articles following this provision provide for the interruption of the period of time limitations (Article 579) and the suspension of the time limitations (Article 580).
The institution of these prosecutions began with the filing of the bills of information on April 11, 1984. LSA-C.Cr.P. art. 934(7). By provision of LSA-C.Cr.P. art. 578, the trials for these proceedings could not begin after April 11, 1986, without a showing that the time limits had been interrupted or suspended. The State bears a heavy burden of proof to establish such interruption or suspension. State v. Garbo, 442 So.2d 685, 687 (La.App. 1st Cir.1983).
The filing of the first motion to quash on December 22, 1986, clearly suspended the running of the period of limitation. LSA-C.Cr.P. art. 580. However, from the institution of prosecution on April 11, 1984, to the filing of the first motion to quash on December 22, 1986, a total of 985 days had passed. On May 11, 1984, defendants filed a motion to suppress and a motion for preliminary examination which suspended the running of the period of limitation until November 17, 1984, when the trial court ruled on these motions. From May 11, 1984, to November 27, 1984, was 200 days.
After calculating the total number of days during which the running of the period of limitation was suspended, we must conclude that the statutory period of 730 days in which trial must be commenced was clearly exceeded. The trial court properly quashed the bills of information and its decision is affirmed.
AFFIRMED.