627 So.2d 664 (1993)
STATE of Louisiana, Appellee,
v.
James A. EVANS, Sr., Appellant.
No. 24718-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
Rehearing Denied December 16, 1993.
Louis Scott, Hunter, Scott, Blue, Johnson & Ross, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Doug Haynes, Asst. Dist. Atty., Monroe, for appellee.
Before SEXTON, STEWART and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, James A. Evans, Sr. was charged by bill of information with theft of over $500.00, a violation of LSA-R.S. 14:67. Defendant was tried by a six-person jury on April 6, 1992. After trial, defendant was found guilty of theft of over $100.00 but less *665 than $500.00. He was sentenced to serve eighteen months at hard labor, the sentence was suspended and defendant was placed on supervised probation for a period of three years. As a condition of probation, he was ordered to make restitution to the victim in the amount of $5000.00. Defendant appeals his conviction and sentence. Finding no reversible error, we affirm.

ASSIGNMENTS OF ERROR
Defendant asserts four assignments of error. Assignment of error number three, pertaining to the amount of restitution ordered, was not briefed and is therefore deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990). We will therefore address the remaining three assignments of error.

MOTION TO QUASH (ASSIGNMENT OF ERROR NO. 1)
By this assignment, defendant contends the trial court erred in denying his motion to quash based on the expiration of the two-year time limitation for commencement of trial.
On December 20, 1989, the defendant was charged by bill of information with theft of over $500.00, a violation of LSA-R.S. 14:67. Before the trial began, defendant filed a motion to quash the bill of information. He urged that under LSA-C.Cr.P. Art. 578, prescription had run on the prosecution because more than two years had elapsed without the case having been brought to trial.
LSA-C.Cr.P. Art. 578 sets forth the time limitations for the commencement of trial. The statute provides as follows:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of prosecution; and
(3) In misdemeanor cases after one year from the date of institution of prosecution. The offense charged shall determine the applicable limitation.
Theft of over $500.00 is a felony. LSA-R.S. 14:2(4). Louisiana law provides that the words "institution of prosecution" include the filing of a bill of information. LSA-C.Cr.P. Art. 934(7); accord, State v. Garbo, 442 So.2d 685 (La.App. 1st Cir.1983).
As stated above, the bill of information in the instant case was filed on December 20, 1989. The trial court's minutes reflect that after four continuances, defendant was finally arraigned on February 20, 1990. Trial was set for a specific date and then refixed for another date on six different occasions. The minutes further reflect that the case was reset for the taking of defendant's guilty plea on September 24, 1990. On that day, the plea negotiations failed and trial was re-fixed for October 29, 1990. On October 29, 1990, the defendant's trial was continued until December 10, 1990. A total of nine continuances were granted after the December 10, 1990 fixing.[1] The minutes reflect that at least four of these continuances were requested by joint motion of the state and the defendant.
On April 6, 1992, defendant filed a motion to quash. The motion was argued and denied. The selection of the jury for trial was begun on that same day.
At the hearing on the motion to quash, the state argued that the motion to quash should *666 be dismissed because the defendant acquiesced in the continuances. The trial court accepted the state's argument that the various joint motions for a continuance suspended the running of the periods of limitation.
The record reflects that the defendant's trial began 110 days after the two years' limitation period had expired. The state bears a heavy burden of proof when it seeks to prove the interruption or suspension of the running of the time limitations under LSA-C.Cr.P. Art. 578. See, State v. Williams, 414 So.2d 767 (La.1982). In the instant case, the state must prove that at least 110 days were excluded from the computation of net elapsed time.
LSA-C.Cr.P. Art. 580 suspends the two-year limitation when the defendant files a motion to quash or other preliminary plea until the motion or plea is ruled upon. Furthermore, after the trial court rules on the motion, the State has a minimum time period of one year to try the case.[2]
If the defendant had not filed a motion to quash or a preliminary plea, the state would have had until December 20, 1991 to try the case. However, on April 22, 1991, the defendant filed a joint motion for a continuance, which the trial judge granted on the same day.
In State v. Cranmer, 306 So.2d 698 (La. 1975), the Louisiana Supreme Court treated a motion for a continuance as a preliminary plea. The Court held that the time limitation was suspended only from the time of the filing of the motion until it was ruled on. However, the state still had one year from the ruling in which to try the case, based on the last clause of Article 580.
In the instant case, the April 22, 1991 joint motion for continuance is a preliminary plea filed by both the defendant and the state. The ruling granting the continuance was on the same day as the joint motion, i.e. April 22, 1991. The last clause of LSA-C.Cr.P. Art. 580 operated to give the state exactly one year after the continuance was granted to commence trial. Since trial was commenced on April 6, 1992, the trial was commenced within the time limitation of LSA-Article 578. The trial court was correct in denying the motion to quash. See, State v. Garbo, supra. This assignment is without merit.

DENIAL OF MOTION FOR MISTRIAL (ASSIGNMENT OF ERROR NO. 2)
The defendant assigns as error the trial court's failure to declare a mistrial after a "bomb scare".
The trial court's per curiam comments describe the events surrounding the bomb threat and the basis for his denial of the motion for a mistrial:
The defendant claims the Court erred by failing to declare a mistrial after the jury became aware of a bomb threat to the courthouse. At 10:40 a.m. on the 8th day of April, 1992, the Court had finished its instructions to the jury and placed the jury in deliberation. At 12:36 p.m., the jury requested additional jury instructions. The Court redefined unauthorized use of a movable, the definition of theft, the definition of attempt and the jury was again placed in deliberation at 12:40. The call referencing a bomb threat came into the Sheriff's Office at approximately 1:05 p.m. At approximately 1:10 p.m. the bailiff informed the presiding judge, John R. Joyce of Division "E", of the bomb threat. The judge then had a conference with the ranking major that was on duty with the Sheriff's Department at that time as to the procedures to be followed. Subsequent to a discussion with the major that was on duty at the courthouse while the jury was still in deliberation, the Court ordered that the main courtroom, which is adjacent to the jury deliberation room, be searched and secured by the deputies. The jury was not aware of any of this activity, since it was accomplished out of their presence. After the Court determined that the courtroom adjacent to the jury deliberation *667 room was secure, it moved the jurors from the jury deliberation room into the courtroom while the deputies had an opportunity to search and secure the jury deliberation room. It was at this point the Court advised the jury of the necessity of having to move them from one place to another. After determining the jury deliberation room was secure, the jury returned to the jury deliberation room to complete their deliberation. Sometime after at this point, the jury notified the bailiff that they had a verdict. The Court could not receive a decision at that time because other courtroom personnel whose attendance was required in the courtroom had been evacuated from the courthouse. The jury was then removed from the courthouse, held in sequestration by bailiffs segregated from the remainder of persons who had been evacuated from the courthouse. As soon as the all-clear was sounded, the bailiff accompanied the jurors back to the jury deliberation room, the appropriate court personnel were assembled and the jury presented its verdict to the Court which was read. Following the delivering of the verdict sheet to the Court, the Court then ascertained that that was the verdict of the jury by voice vote and then the jurors were individually polled to determine if the verdict which was read into the record after the building had been cleared from any possible bomb threat was in fact the verdict of the jury. On being satisfied of the verdict of the jury, the Court then ordered it recorded. Mr. Scott's motion for a mistrial occurred after the jury had re-entered the courthouse but prior to their recitation or delivering of their verdict to the court. The jury was dismissed after a brief discussion with the Court, thanking them for their attendance and diligence and Court was then recessed at 2:35 p.m. The Court did not feel the necessity of declaring a mistrial givfen (sic) this factual situation.
The jury returned a verdict for the lesser and included offense of theft of over $100.00 but less than $500.00 rather than a guilty as charged verdict to theft of over $500.00.
The Louisiana Supreme Court reviewed the issue of the effect of a bomb threat during a jury trial in State v. Eaton, 524 So.2d 1194 (La.1988). In Eaton, a bomb threat was received at the hotel where the jurors were staying the evening before the defendant's sentencing hearing was scheduled to begin. The trial judge, through the bailiffs, ordered the jurors to the courtroom. Once it was determined that there was no bomb at the hotel, the bailiff asked the jurors whether they wished to return to the hotel. The following morning, the defense moved for a mistrial, and the trial judge denied the motion. The Louisiana Supreme Court concluded that the trial judge was not in error for denying the motion for a mistrial because the jurors assured the court the incident would have no affect on their deliberations and final decision. State v. Eaton, supra at 1209.
The Fifth Circuit Court of Appeal had also addressed the issue of the effect of a bomb threat during a jury trial. State v. Sepcich, 473 So.2d 380 (La.App. 5th Cir.1985). In Sepcich, there was a bomb threat during the defendant's trial. The trial judge recessed the case and stated, "It's a bomb scare and it takes an hour. We'll take the noon recess and come back at twelve-thirty." The defendant urged that this was an improper and prejudicial statement. The Court held that the defendant's assignment was without merit because the trial judge's comment appeared to be reasonable and mandated under the circumstances for the safety of the jurors. The Court further held that absent a showing that the comments about the bomb scare were prejudicial, there was no error. State v. Sepcich, supra at 385.
In the instant case, the jurors were moved back into the deliberation room after the room had been searched and secured. There is no indication from the record that the bomb threat affected the decision of the jury. The trial court conducted first a group, and then an individual polling of the jurors to insure that the verdict returned was in fact their verdict. The trial judge was in the best position to determine whether the bomb threat affected the jury's verdict and whether unnecessary prejudice resulted to the defendant. *668 Mistrial is a drastic remedy and should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31 (La.1983). The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Smith, supra; State v. Bean, 582 So.2d 947 (La.App. 2d Cir.1991), writ denied, 586 So.2d 567 (La.1991).
Counsel also argues that the court erred in refusing a request to poll or question the jury concerning the effect of the bomb threat upon their deliberations. There is neither a transcript of this request nor of the trial court's denial of the request in the record. Defense counsel did not designate that portion of the transcript as part of the record on appeal. Nevertheless, the trial court minutes reflect the court denied defense counsel's "request for a polling of the jury as part of the bomb scare." Apparently, this request was made after the trial court conducted the written polling of the jury.
Defendant's argument lacks merit. The Court had observed the jurors before sending them back for further deliberations and the court conducted careful and extensive polling of the jury after they reached a verdict. The jurors persisted in their verdict. The trial court, in the exercise of its sound discretion and based upon its observations of the jury, found the bomb threat did not influence the verdict. We do not find the trial court abused its discretion in denying the defendant's motion for a mistrial or the defendant's motion to poll the jury as to the bomb scare.
This assignment is without merit.

IMPROPER JURY CHARGE (ASSIGNMENT OF ERROR NO. 4)
By this assignment, defendant contends the trial court erred in giving an improper jury charge concerning the definition of the term "reasonable doubt". He argues that the language used by the trial court in the instant case was condemned in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), on remand 583 So.2d 1125 (La.1991), cert. denied ___ U.S. ___, 112 S.Ct. 211, 116 L.Ed.2d 170 (1991).
In the jury instructions in the instant case, the trial judge stated, "This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis and not upon a mere caprice, fancy, or conjecture." Although this language was included in the jury instructions in Cage, this is not the language that the United States Supreme Court found unconstitutional. The trial court's instructions in Cage violated the Due Process Clause of the Fourteenth Amendment because they defined reasonable doubt using terms such as "grave certainty", "actual substantial doubt" and "moral certainty". This objectionable language was not in the jury instructions in the instant case.
Defendant further argues that the definition of reasonable doubt was improper because tangible means discernible by touch, and the jury's verdict can be made on evidence that is not discernible by touch. The phrases used by the trial court were approved by the Louisiana Supreme Court in State v. Taylor, 410 So.2d 224 (La.1982). This assignment is without merit.

ERROR PATENT
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform defendant. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The district court is directed to give defendant written notice of the prescriptive period for applying for PCR within 10 days of the rendition of this opinion and to file defendant's receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992).

CONCLUSION
Finding no reversible error, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The trial court minutes reflect the following action on this case:

The December 10, 1990 fixing was continued until February 19, 1991.
The February 19, 1991 fixing was continued until April 22, 1991.
On April 22, 1991, the trial was re-fixed by joint motion of counsel for July 15, 1991.
On July 15, 1991, the case was continued by joint motion until September 30, 1991.
On September 30, 1991, the case was continued until October 28, 1991.
On October 28, 1991, the case was continued by joint motion of counsel until February 3, 1992.
On February 3, 1992, the trial was continued by joint motion until March 9, 1992.
On March 9, 1992, the trial was continued by joint motion until March 16, 1992.
On March 16, 1992, the trial was continued to April 6, 1992.
On April 6, 1992, the Motion to Quash was filed, argued and denied; the jury trial began.
[2] LSA-C.Cr.P. Art. 580 provides:

When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.