| BAGNERIS, Judge.

STATEMENT OF THE CASE

Ezekiel Parker (“Parker”) was indicted on December 7, 1995, for possession with intent to distribute heroin, a violation of La. R.S. 40:966; possession with intent to distribute marijuana, a violation of La. R.S. 40:966; and possession with intent to distribute cocaine, a violation of La. R.S. 40:967, Parker filed preliminary motions, and on December 20, 1995, the district court denied the motion to suppress the evidence and the motion to suppress the statement and found probable cause. The trial in this matter was continued numerous times and status hearings set and reset on various dates. On October 20, 1998, Parker filed a pro se motion to dismiss the indictment, arguing that the time limita *894 tions established by La.C.Cr.P. art. 578 had run. On November 9, 1998, the trial court granted Parker’s motion to dismiss. The State filed a motion to reconsider the dismissal, which was denied on January 29, 1999. The State timely filed its motion for appeal on January 29,1999.

FACTS

The chronology of this case is as follows:
December 7, 1995 The State files bill of indictment charging Parker
December 13, 1995 Defense filed Motion for Preliminary Examination and Motion to Suppress Evidence
December 20, 1995 Preliminary examination held. Court finds probable cause and denies motion to suppress. Trial set 3/6/96
March 6,1996 State requests and is granted continuance. Trial re-set for 5/1/96
May 5, 1996 Trial continued to 6/25/96, due to other trial being conducted
June 25, 1996 State requests and is granted continuance. Trial re-set for 8/13/96
August 13,1996 Trial continued to 10/2/96, no reason given
October 2, 1996 Defense requests and is granted continuance. Trial re-set for 12/4/96
December 4, 1996 State requests and is granted continuance. Trial re-set for 2/20/97
February 20, 1997 State requests and is granted continuance. Trial re-set for 4/15/97
April 15, 1997 State requests and is granted continuance. Trial re-set for 6/10/97
June 10, 1997 Status hearing set for 7/17/97
July 17,1997 Status hearing set for 7/31/97
July 31, 1997 State requests and is granted a continuance. Trial re-set for 9/25/97
September 25, 1997 State requests and is granted continuance. Trial re-set for 12/3/97
December 3, 1997 Defense requests and is granted continuance. Trial re-set for 2/3/98
February 3, 1998 Trial re-set for 4/7/98, due to other trial being conducted | ¡¡April 7, 1998 Trial re-set for 6/17/98, no reason stated
June 17, 1998 Trial re-set for 8/19/98, due to other trial being conducted August 19, 1998 Matter re-set for status hearing on 8/27/98
August 27, 1998 Status hearing re-set for 9/19/98
September 10, 1998 Status hearing re-set for 9/29/98
September 29, 1998 Status hearing re-set for 10/6/98 due to hurricane October 6, 1998 Status hearing re-set for 11/9/98
October 20, 1998 Parker files motion to dismiss
November 5,1998 Fourth Circuit transfers motion to dismiss to trial court for consideration
November 9, 1998 Parker’s motion to dismiss granted
November 11, 1998 State files motion to reconsider Parker’s motion to quash. Hearing set for 12/4/98
December 4, 1998 Hearing re-set for 12/4/98
January 29, 1999 State files motion for appeal

ASSIGNMENT OF ERROR

The trial court erred in granting Parker’s motion to quash the indictment.

DISCUSSION

La.C.Cr.P. art. 578 provides, in pertinent part, “No trial shall be commenced: (2) in other [non-capital] felony cases after two years from the date of institution of prosecution...” C.Cr.P. art. 580 provides that this period of limitation is suspended *895 when a defendant files a motion to quash or other preliminary plea, “but in no case shall the State have less than one year after the | ¿ruling to commence the trial.” A motion for continuance filed by defendant is a preliminary plea under La. C.Cr.P. art. 580 which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La.1978).
This case was continued twice because of defense motions: October 2, 1996, and December 3, 1997. Approximately four months of delays are attributable to these motions. Computing the time limitations under La.C.Cr.P. art. 578, the State had until April 1998, (an additional four months beyond the two year period after institution of proceedings) to bring the case to trial. However, within that two-year period, the defense filed the two motions to continue, the last of which was granted in December 1997. Therefore, under La. C.Cr.P. art. 580, the State had one year from that date (December 1997) to. try Parker. Hence, the trial court erred by granting the motion to quash on November 9,1998.

CONCLUSION

Based on the foregoing reasons, the trial court’s ruling on the motion to quash is hereby reversed, and this matter is remanded for further proceedings.

REVERSED AND REMANDED.