799 So.2d 701 (2001)
STATE of Louisiana, Appellee,
v.
Curtis L. WOODARD, Appellant.
No. 35,202-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
Kidd-Culpepper by Paul H. Kidd, Monroe, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Madeleine M. Slaughter, Assistant District Attorney, Counsel for Appellee.
Before STEWART, PEATROSS and KOSTELKA, JJ.
STEWART, J.
Pursuant to a plea bargain agreement, the defendant, Curtis L. Woodard, entered a Crosby plea to conspiracy to distribute cocaine, a Schedule II controlled dangerous substance, contrary to the provisions of La. R.S. 40:979 and 40:967. He was sentenced to serve five years imprisonment at hard labor. The defendant now appeals on the basis that the trial court erred in refusing to quash the bill of information for failure of the state to timely prosecute this matter. We find no error and affirm the defendant's conviction and sentence.

FACTS
On December 11, 1998, the defendant was charged by an amended bill of information with the offenses of distribution of cocaine and conspiracy to distribute cocaine. On February 7, 2001, the defendant filed a motion to quash the bills of information for the state's alleged failure to bring him to trial within two years after the institution of prosecution as per La.C.Cr.P. art. 578. The state filed an answer to the *702 motion to quash, and a hearing was held on February 12, 2001. The trial court denied the motion to quash the indictment, stating that the defendant had the benefit of four attorneys and continuance after continuance. The defendant filed an emergency writ and a request for a stay order with this court, which was denied on the showing made on February 12, 2001.
Pursuant to a plea bargain agreement, the defendant entered a Crosby plea to count two, conspiracy to distribute cocaine, a Schedule II controlled dangerous substance, contrary to the provisions of La. R.S. 40:979 and 40:967. Count one was dismissed, and the state agreed not to file a habitual offender bill against the defendant. He was sentenced to serve five years imprisonment at hard labor. The defendant now appeals.

DISCUSSION
In his sole assignment of error, the defendant contends that the trial court erred in refusing to quash the bill of information filed on December 7, 1998, and as amended on December 11, 1998. The defendant argues that, from the time the bill of information was filed on December 7, 1998, and the amended bill of information was filed on December 11, 1998, he did nothing to either interrupt the time limitation for prosecution under La.C.Cr.P. art. 579, or to suspend the time limitation under La. C.Cr.P. art. 580.
The state argues that the time limitation for prosecution was suspended by the numerous motions filed by the defendant's various defense attorneys. It further argues that, in any event, trial was set to commence within a year after the trial court's ruling on the defendant's last motions as per La.C.Cr.P. art. 580. In particular, the state notes that the defendant's motion for a preliminary exam was not ruled upon until December 7, 2000, and the defendant's trial was set to commence on February 12, 2001, well within the year limit set forth in La.C.Cr.P. art. 580.
A review of the record reveals that prosecution was instituted against the defendant on December 11, 1998 by the amended bill of information. The defendant's first defense counsel, Amado Leija, filed a motion for a preliminary examination, motion for discovery and inspection, and a motion for the gathering and production of evidence favorable or exculpatory to the defendant, all on February 2, 1999. The state answered the discovery requests on February 23, 1999, and a hearing on the motions was reset to April 20, 1999. Thereafter, Daryl Blue was appointed as defense counsel on April 16, 1999, and Blue also filed a motion for discovery and inspection, motion for production of exculpatory evidence, application for a bill of particulars, motion for reduction of bond and motion for preliminary examination. Meanwhile, on April 20, 1999, Lavalle B. Salomon, appearing on behalf of Leija, waived the defendant's presence and the hearing on the motions was again reset to June 29, 1999. On June 29, 1999, Blue, on behalf of Leija, was present with the defendant and the hearing on the motions and to set trial was continued by joint motion to August 23, 1999.
Thereafter, on August 23, 1999, the defendant was present in court with Paul Kidd, Sr., and Leija and Blue were relieved as counsel of record. A hearing on the motions was reset on all matters to October 25, 1999. On October 25, 1999, the defendant was present with Peggy Sullivan on behalf of Kidd, and the hearing on the motions was reset to January 3, 2000. On January 3, 2000, the defendant was present with Kidd, and the case was reset to January 26, 2000. On January 26, 2000, the defendant was present with Kidd, and by joint motion, the hearing on the motions *703 and to set trial date was set for March 27, 2000. On March 27, 2000, and again on March 30, 2000, the defendant was present with Kidd, or his representative, and the hearing on the motions was reset. On April 4, 2000, Kidd filed a motion to produce the initial investigatory report, motion for discovery, and a motion for extension of time to file additional pretrial motions until 30 days after the state has complied with discovery. On April 5, 2000, Kidd filed a motion for discovery, which was set for hearing on May 31, 2000. The state answered the defendant's motions for discovery, etc., on April 13, 2000, and filed a motion to increase the defendant's bond on April 13, 2000. On May 30, 2000, and again on September 28, 2000 and December 4, 2000, the defendant was present with Kidd and a hearing on the motions was reset. Finally, on December 7, 2000, the defendant was present with Kidd, and a hearing was held on the defendant's motion for preliminary examination. The trial court found probable cause to hold the defendant for trial, and trial was set for February 12, 2001. Kidd filed a motion to continue on January 25, 2001. Kidd then filed a motion to quash on February 7, 2001, which is the subject of this appeal. The motion alleged that the state failed to try the defendant within two years after the institution of proceedings against him and that the time limitation was neither interrupted nor suspended.
A heavy burden is placed on the state to show some interruption or suspension sanctioned by law to justify a trial of the accused where the record reveals the lapse of time permitted by law between the filing of a felony charge and the trial of the accused. State v. Guidry, 395 So.2d 764 (La.1981).
La.C.Cr.P. art. 578 provides in pertinent part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
* * * *
(2) In other felony cases after two years from the date of institution of the prosecution; and
* * * *
The offense charged shall determine the applicable limitation.
In the context of this case, "institution of prosecution" occurred upon the finding of an indictment or a bill of information. La.C.Cr.P. art. 934(7); see State v. Butler, 302 So.2d 585 (La.1974).
La.C.Cr.P. art. 579(A) provides, in pertinent part, that the period of limitation established by La.C.Cr.P. art. 578 shall be interrupted if:
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state .... (Emphasis added.)
La.C.Cr.P. art. 579(B) provides that the periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. La.C.Cr.P. art. 580 provides as follows:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
In State v. Harris, 29,574 (La.App.2d Cir.5/7/97), 694 So.2d 626, the state contended that once the joint motion for continuance was granted, the prescriptive time period for commencing trial was interrupted. In finding that this argument was without merit, this court stated:

*704 There is a distinction between the terms suspension and interruption. Prescription is interrupted when the state is unable, through no fault of its own, to try a defendant within the period specified by statute. La.C.Cr.P. Art. 579(A)(2); State v. Rome, [93-1221 (La.1/14/94) 630 So.2d 1284]. Once the cause of interruption is removed, the two-year time limitation begins anew. La.C.Cr.P. Art. 579(B); State v. Rome, supra.

In contrast, when a defendant files a preliminary plea such as a motion for continuance, the two-year time period established by Article 578 is suspended. See La.C.Cr.P. Art. 580; State v. Evans, 627 So.2d 664 (La.App. 2d Cir.1993). This suspension lasts only from the date the motion is filed until the date the trial court rules on the motion. State v. Cranmer, 306 So.2d 698 (La.1975). Where prescription is suspended, the relevant period is not counted towards the two-year time limitation. After the trial court rules on the motion, the state has a minimum period of one year from the date of the ruling in which to commence trial. La.C.Cr.P. art. 580, Official Comment (a); State v. Evans, supra.

Contrary to the state's contention, the prescriptive period is suspended when the preliminary motion is filed, not when it is ruled upon by the trial court. Moreover, the minutes of court reflect that the parties' joint motion was filed and granted on the same day, so that the Article 578 time limitation was not suspended. See La.C.Cr.P. Art. 13. In addition, after the court's ruling, there was more than one year available in which to commence trial.
The appellate courts have held that the defendant's filing of a motion for discovery [State v. McDonald, 30,854 (La.App.2d Cir.8/19/98), 718 So.2d 542, rehearing denied], motion to suppress [State v. Pratt, 32,302 (La.App.2d Cir.9/22/99), 748 So.2d 25], motion to continue [State v. Sartain, 98-0378 (La.App. 4th Cir.12/1/99), 746 So.2d 837, rehearing denied, writ denied, XXXX-XXXX (La.9/15/00), 769 So.2d 4], joint motions for continuance with the state [State v. Simpson (La.App. 1st Cir.1987), 506 So.2d 837, writ denied, 512 So.2d 433] and a motion for preliminary hearing, or preliminary examination [State v. Blount, 519 So.2d 153 (La.App. 1st Cir.1987); State v. Haney (La.App. 1st Cir.1983), 442 So.2d 696] are "preliminary pleas" which suspended the two-year time limit for bringing the defendant to trial after the bill of information was filed.
In State v. James (La.App. 1st Cir.1984), 459 So.2d 1299, writ denied, 463 So.2d 600, grant of habeas corpus reversed on other grounds 39 F.3d 607, certiorari denied, 514 U.S. 1069, 115 S.Ct. 1704, 131 L.Ed.2d 565, although the defendant's trial on the merits was not commenced within two years from the date of institution of prosecution, it was held that prescription did not bar such prosecution, since the defendant filed numerous preliminary pleas and/or motions which suspended the running of prescription until ruled upon, and trial was commenced within a year of the last ruling on the several defense motions. (Emphasis added.)
Having reviewed the sequence of events set forth in the record and the applicable law, we now turn to the merits of the assignment. The calculation of the time limit within which the prosecution must commence trial begins with the date prosecution was instituted against the defendant on December 11, 1998 by the amended bill of information. The defendant's various defense attorneys filed numerous motions which suspended the time limitation for prosecution. In particular, the defendant's first motions included a *705 motion for a preliminary exam, which was filed on February 2, 1999, 57 days after the institution of prosecution. This "preliminary plea" suspended the two-year time limit from the date the motion was filed until the date the trial court ruled upon the motion. See State v. Blount, supra, and State v. Haney, supra. Also, State v. Harris, supra; State v. Cranmer, supra. The motion was not ruled upon until December 7, 2000. Thus, the period from the filing of the motion on February 2, 1999 until the trial court's ruling on that motion on December 7, 2000 is not counted toward the two-year time limitation.
The calculation resumes with the date of the trial court's ruling on the motion (December 7, 2000), and ends with the date the defendant filed his motion to quash, February 7, 2001 (62 days). These 62 days, added to the previous 57 days, total 119 days from the date of institution of prosecution until the date the defendant filed his motion to quash. This total (119 days) is far less than the two-year time limit within which trial must be commenced under La.C.Cr.P. art. 578.
We also note that the state had a minimum period of one year from the date of the ruling (December 7, 2000) in which to commence trial. La.C.Cr.P. art. 580. The record shows that the defendant's trial was set to commence on February 12, 2001. Thus, the defendant's trial was set to commence 62 days after the trial court's ruling on the motion, which was well within a year after the trial court's ruling on the defendant's last motions, as per La. C.Cr.P. art. 580.
From our review of the record, we find that trial was timely commenced. The defendant's assignment is therefore without merit.

CONCLUSION
For the reasons expressed, we affirm the defendant's conviction and sentence.
AFFIRMED.