970 So.2d 657 (2007)
STATE of Louisiana
v.
Darryl L. CLAY.
No. 2007-KA-0698.
Court of Appeal of Louisiana, Fourth Circuit.
October 24, 2007.
Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Ronald J. Rakosky, Ronald J. Rakosky, A P.L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
The State of Louisiana appeals the trial court's grant of Defendant-Appellee Darryl L. Clay's motion to quash. For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Darryl L. Clay was initially charged by a bill of information with one count of possession with intent to distribute heroin *658 on August 15, 2002.[1] Two other co-defendants, Alsando Dowell and Travis J. Johnson, were also charged in the same case. Clay pled not guilty at arraignment and filed preliminary motions on August 26, 2003. Following numerous delays, motions were heard on May 7, 2003. The trial court granted defendant's motion to suppress the evidence in part and found probable cause at that time.[2] The state noticed its intent to seek supervisory review and subsequently filed a writ application with this court. On September 24, 2003, this court reversed the trial court's ruling granting in part defendant's motion to suppress the evidence. State v. Dowell, XXXX-XXXX (La.App. 4 Cir. 9/24/03), 857 So.2d 1098. Thereafter defendant's trial was continued on numerous occasions until April 12, 2005, when defendant pled guilty to an amended bill of information under the confines of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Prior to sentencing, defendant withdrew his guilty plea. Several status hearings followed until July 21, 2005, when the case was set for trial on October 19, 2005. Of course, during the interim, New Orleans was devastated by the effects of Hurricane Katrina on August 29, 2005.
On June 19, 2006, the trial court set the case for trial on September 12, 2006. Trial was continued on that date and on several other occasions following until April 12, 2007. On that date, the State announced its readiness for trial; however, the defendant filed a motion to quash the bill of information on the basis of La.C.Cr. P. art. 578, arguing that more than two years had elapsed since the bill of information was filed. After hearing argument, the trial court granted the motion to quash, and the State appealed.
DISCUSSION
The State argues that the trial court's ruling on the defendant's motion to quash should be reversed, as the two-year limitation period for the commencement of trial imposed by La.C.Cr.P. art. 578 had been both suspended and interrupted such that the period had not expired. In this case, the bill of information was filed on August 15, 2002, and the motion to quash was granted in April 2007, well past the two-year limitation period. It is well established that when a defendant moves to quash the charges against him due to a violation of Article 578, the State "bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled." State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286 (citations omitted).
This Court recently held in State v. Brazile, XXXX-XXXX (La.App. 4 Cir. 5/30/07), 960 So.2d 333, that Hurricane Katrina interrupted the time delays for bringing a defendant to trial and that the two-year time limitation period imposed by La.C.Cr.P. art. 578[3] commenced anew *659 once the causes preventing the State from trying the defendant (Hurricane Katrina and its aftermath) were removed and the court reconvened, pursuant to the language in La.C.Cr.P. art. 579.[4] In Brazile, the defendant was charged by a bill of information on March 23, 2004, and trial was continued on numerous occasions by the State, the court, or by joint motion of the defense and the State. After Hurricane Katrina struck, trial was set for September 19, 2006, and on that date, the defendant filed a motion to quash the bill of information, arguing that over two years had elapsed since the bill of information was filed pursuant to La.C.Cr.P. art. 578. The trial court's grant of the defendant's motion to quash was reversed by this Court pursuant to the language in La.C.Cr.P. art. 579(B). This Court did not need to determine exactly when the interruption ceased in Brazile, as the motion to quash was granted within two years of August 29, 2005.
Likewise, we find that an interruption of prescription has occurred in the instant case because the State was unable, through no fault of its own, to try the defendant within the time period specified by statute.[5]State v. Rome, 93-1221, p. 4, *660 630 So.2d at 1287. As was the case in Brazile, the motion to quash in the instant case was granted within two years of the date that Hurricane Katrina struck the Gulf Coast. Accordingly, by operation of article 579 of the Louisiana Code of Criminal Procedure, the limitations for bringing a defendant to trial articulated in article 578 had yet to expire at the time the trial court granted the defendant's motion to quash. State v. Brazile, XXXX-XXXX, p. 2, 960 So.2d at 336. Although the renewal of the entire two-year period could be found to be extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this case, nor was it raised in Brazile, supra. As a court of review, we are confined to the contents of the record. Brazile, 960 So.2d at 336. Thus, we must find that the trial court erred in granting the defendant's motion to quash. Id.
CONCLUSION
The trial court's grant of Appellee's motion to quash is hereby reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The facts of this case, not at issue here, were articulated by this Court in State v. Dowell, XXXX-XXXX, pp. 2-5 (La.App. 4 Cir. 9/24/03), 857 So.2d 1098, 1100-1102.
[2] The trial court granted the motion only as to the evidence that was recovered on defendant's person. The court also granted Travis Johnson's motion to suppress the evidence and found no probable cause. As to defendant Alsando Dowell, the trial court found no probable cause. (No motion to suppress pertained to Dowell.)
[3] La.C.Cr.P. art. 578 provides, in pertinent part (emphasis added):

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
[4] La.C.Cr.P. art. 579 provides (emphasis added):

A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
[5] We note that La.C.Cr.P. art. 580 provides that the period of limitation is suspended when a defendant files a motion to quash or other preliminary plea, "but in no case shall the State have less than one year after the ruling to commence the trial." A motion to suppress evidence and a motion for preliminary hearing are both preliminary pleas under article 580 which suspend the running of the prescriptive period. State v. Brent, XXXX-XXXX (La.App. 4 Cir. 11/29/00), 775 So.2d 565; State v. Woodard, 35,202 (La.App. 2 Cir. 10/31/01), 799 So.2d 701. Likewise, a motion for continuance filed by defendant is a preliminary plea under La.C.Cr.P. art. 580, which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La. 1978); State v. Cranmer, 306 So.2d 698 (La. 1975). Joint motions to continue also suspend the period of limitation. State v. Fish, XXXX-XXXX (La.4/17/06), 926 So.2d 493; State v. Parker, XXXX-XXXX (La.App. 4 Cir. 3/22/00, 757 So.2d 893). A guilty plea will also suspend the running of the article 578 time limitation in the same manner as a preliminary plea under article 580. State v. Allen, 2003-2815 (La.4/23/04), 871 So.2d 1097.

In this case, the bill of information charging defendant with a felony was filed on August 15, 2002. Therefore, the State had until August 15, 2004 to commence trial unless the period was otherwise suspended or interrupted. The record reflects that initially the two-year prescriptive period was suspended between August 26, 2002 and May 7, 2003, during the pendency of defendant's pretrial motions. Therefore, the initial two year period was extended until April 26, 2005. The record further reflects that on August 9, 2004, long before April 26, 2005, the case was continued by defense motion. Accordingly, the effect of defendant's motion to continue was to extend the limitation period until August 9, 2005.
Finally, the case was similarly continued on April 11, 2005, by joint motion of the State and the defense. Furthermore, on April 12, 2005, the defendant entered a guilty plea, which, as noted, was subsequently withdrawn on April 26, 2005. At that point, the time limitations of art. 578 had yet to expire, and by virtue of the suspension created by defendant's guilty plea, the State had until April 26, 2006 to commence trial.
Because we find that the two-year period commenced anew on August 29, 2005, however, it is unnecessary to also find that the time period was suspended pursuant to La.C.Cr.P. art. 580.