506 So.2d 837 (1987)
STATE of Louisiana
v.
Frank Ray SIMPSON.
No. KA 86 1198.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
Cal Parish, Dist. Atty., Lake Charles, for plaintiff-appellee.
Elmo Lear, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and Le BLANC, JJ.
Le BLANC, Judge.
Defendant, Frank Ray Simpson, was charged by grand jury indictment with the second degree murder of Marlene Simpson, his wife, in violation of La.R.S. 14:30.1. He pled not guilty and later moved to quash this prosecution, alleging that the state failed to commence his trial within two years from the date the prosecution was instituted. The trial court denied defendant's motion. As a result of a plea bargain, defendant withdrew his former plea of not guilty and pled guilty to the responsive verdict of manslaughter. See La.Code Crim.P. art. 558. He reserved the right to appellate review of the trial court's ruling on the motion to quash. See State v. Crosby, 338 So.2d 584 (La.1976). Defendant was subsequently sentenced to two years imprisonment at hard labor. He now brings this appeal, urging one assignment of error.

PRESCRIPTION
In his sole assignment of error, defendant argues that the trial court erred when it denied his motion to quash based on the ground that more than two years had elapsed between the institution of prosecution and the commencement of trial.
The rather tedious facts of this case are as follows. Prosecution was instituted by indictment on July 27, 1983. On October 19, 1983, the arraignment was passed by the court and reassigned for November 18, 1983. However, on November 7, 1983, on motion by the defense, the arraignment was passed to December 20, 1983. On December 20, 1983, the defense once again motioned to pass the arraignment and the court reassigned the matter for January 9, 1984. Defendant pled not guilty at the arraignment on January 9, 1984, and trial was set for May 14, 1984. On the day of trial, May 14, defendant made an oral motion to appoint a sanity commission, to which the state objected. The trial court overruled the state's objection and assigned the sanity hearing for June 18, 1984. *838 This date was reassigned on motion of defendant. On June 25, 1984, the trial court ruled defendant competent to stand trial and assigned the case for trial on October 29, 1984. On October 29, on motion of the state, the trial was reassigned for March 18, 1985. On March 18, on motion of the state, a status conference was assigned for March 22, 1985. On March 22, on joint motion of the state and defense counsel, the matter was continued until May 6, 1985. On May 6, on joint motion of the state and defense counsel, the matter was again continued until September 4, 1985. On September 5, it was continued one more day pursuant to another joint motion. On September 6, the Attorney General's Office had the case set for trial on September 10.[1] Defense counsel's motion to continue the trial on September 10 was granted over state objection. Pursuant to the state's motion, trial was re-set on September 16 for December 9, 1985. The subject of this appeal, defendant's motion to quash the indictment, was filed on November 25 and denied on December 4, 1985. Defendant subsequently pled guilty to manslaughter on January 28, 1986.
La.Code Crim.P. art. 578 provides that, in non-capital felony cases, "no trial shall be commenced ... after two years from the date of institution of the prosecution...." In the instant case, more than two years elapsed between institution of prosecution on July 27, 1983 and the filing of defendant's motion to quash on November 26, 1985. However, La.Code Crim.P. art. 580 provides for suspension of the time limitations set forth in Article 578 in certain instances:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
When the time limitation of Article 578 has apparently accrued, the burden shifts to the state to show an interruption or suspension of the prescriptive period. State v. Guidry, 395 So.2d 764 (La.1981); State v. Haney, 442 So.2d 696 (La.App. 1st Cir. 1983).
In State v. Elfert, 247 La. 1047, 175 So.2d 826 (1965), decided under former R.S. 15:7.10 (now La.Code Crim.P. art. 580), the Louisiana Supreme Court held that a preliminary plea within the meaning and contemplation of that article is any plea filed after the prosecution is instituted and before the trial that causes the trial to be delayed. The Court later determined that a motion for a continuance filed by a defendant is a preliminary plea under Article 580 which suspends the running of the periods of limitation established by Article 578 until the court rules thereon. State v. Cranmer, 306 So.2d 698 (La.1975); State v. Harton, 292 So.2d 187 (La.1974). Joint motions to continue likewise suspend the period of limitation. See State v. Garbo, 442 So.2d 685, 688 n. 1 (La.App. 1st Cir. 1983).
The record clearly reveals that the two-year period for commencement of trial was not exceeded. The prosecution instituted on July 27, 1983, would have prescribed on July 27, 1985, had there been no suspension of the prescriptive period. However, defendant filed numerous preliminary pleas during the two-year period which suspended the running of prescription. The joint motion on May 6, 1985, suspended the time period for one year because at that time less than one year was left on the original prescriptive period. On September 10, 1985, the defendant filed a motion for continuance which is a preliminary plea that also suspended the running of prescription. State v. Fabacher, 362 So.2d 555 (La.1978). Under La.Code Crim.P. art. 580, the state had a minimum period of one year after the ruling to commence the trial, or until September 10, 1986. Thus, the trial court was correct in *839 denying defendant's motion to quash on December 4, 1985. Defendant subsequently pled guilty on January 28, 1986, well within a year of the court's last ruling on a defense motion.
For the foregoing reasons, this assignment of error is without merit. Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The Attorney General was apparently assigned the prosecution of this matter by the district court on September 4, 1985. Subsequently, the Honorable Richard P. Ieyoub, District Attorney for the 14th Judicial District Court, was appointed district attorney ad hoc in this matter.