STATE OF LOUISIANA
v.
JOSEPH MERANTA.
No. 2009 KA 1378.
Court of Appeals of Louisiana, First Circuit.
March 26, 2010.
Not Designated for Publication.
WALTER P. REED, District Attorney, Covington, LA, Attorneys for State-Appellee. and
KATHRYN LANDRY, Baton Rouge, LA,
FRANK SLOAN, Mandeville, LA, Attorney for Defendant-Appellant, Joseph Meranta,
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
The defendant, Joseph Meranta, was charged by grand jury indictment with aggravated rape of K.C., a violation of La. R.S. 14:42 (count 1), and molestation of a juvenile of R.J., a violation of La. R.S. 14:81.2 (count 2). The defendant pled not guilty to the charges. Following a jury trial, on count 1, the defendant was found guilty as charged. On count 2, he was found guilty of the responsive offense of indecent behavior with a juvenile, a violation of La. R.S. 14:81. On the aggravated rape conviction (count 1), the defendant was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. On the indecent behavior with a juvenile conviction (count 2), the defendant was sentenced to five years imprisonment at hard labor. The sentences were ordered to run consecutively. The defendant now appeals, designating one counseled assignment of error and three pro se assignments of error. We affirm the convictions and the sentence on the indecent behavior with a juvenile conviction. We amend the sentence for aggravated rape to provide that it be served at hard labor and affirm as amended.

FACTS
The defendant and Michelle had two daughters together, one of whom was R.J., born November 29, 1993. Michelle testified at trial that she and the defendant occasionally lived together. Throughout their relationship, "[i]t was on and off," and they "were rocky." Sometimes on the weekends, R.J. and her younger sister stayed at the house of Michelle's sister and brother-in-law, Melinda and Henry Marquez. Melinda and Henry lived in Sun, St. Tammany Parish. In late 1999, Michelle was living in Bogalusa with her daughters and was seeing someone else. During this time, Michelle allowed the defendant to visit his daughters at Melinda's house on the weekends. Henry, who at one time was a good friend of the defendant, testified at trial that the defendant often slept over when he visited R.J. and her sister at their house. R.J. testified that when she was five years old, during one of these weekend visits, early in the morning while everyone was still asleep, the defendant, who was on the couch, grabbed her and pulled her on top of him. The defendant then touched her vagina and put his tongue into her mouth. R.J. was subsequently interviewed at the Children's Advocacy Center in Covington (CAC) on February 4, 2000, where she disclosed that the defendant touched her "pee pee" when she was at her Aunt Melinda's house. R.J. further stated that the defendant touched her breasts under her clothes, and touched under her pants and moved his hand around.
In 2003, K.C., born November 7, 1997, lived with her biological mother, her sister, and the defendant in an apartment in Slidell. The defendant is not K.C.'s biological father. At the time of trial, K.C, then eleven years old, had been adopted by another woman. K.C. testified at trial that when she was five years old, the defendant told her to go to her mother's bedroom and take off her clothes. The defendant also took off his clothes and then forced K.C. to perform oral sex on him. K.C. was subsequently interviewed at the CAC, where she disclosed that the defendant touched her "private," which she indicated by pointing to her vagina. K.C. also indicated that the defendant touched his "pee pee" on her "pee pee" when they were both naked.
From 1990 to 1997, Sylvia lived with her four daughters, including S.N. and T.R., in Chalmette. Sylvia was dating the defendant, who lived with them. S.N. testified at trial that she was 24 years old. When S.N. was about twelve years old, the defendant frequently touched her breasts and vagina. She also testified that, on two occasions, the defendant forced her to perform oral sex on him. T.R. testified at trial that she was 23 years old. She remembered living with her mother in Chalmette when she was about seven to nine years old. T.R. testified that the defendant touched her vagina and forced her to perform oral sex on him. She also testified that on one occasion, the defendant urinated on her. T.R. indicated that the oral sex happened more than once. When asked if she recalled how many times, T.R. responded, "I don't recall how many times. It was over a course of a long period. Every chance he got."
Sylvia testified at trial that, after she broke up with the defendant, she went to visit the defendant's sister. The defendant's sister was not at home, but the defendant was there. Sylvia had three of her daughters with her, including T.R. and S.N. While waiting for the defendant's sister to return home, the defendant forced Sylvia to perform oral sex on him in a bedroom. During this incident, the children were on the floor by the bed.
The defendant testified at trial. The defendant denied all of the sexual allegations of the four witnesses who testified. On cross-examination, when the defendant was asked if each of the four victims were lying when they testified against him, the defendant responded, "I guess so." When asked again if all these people were lying, the defendant responded, "I guess. I don't know why. I don't know why. I don't understand why."

assignment of error
In the sole counseled assignment of error, the defendant argues that the trial court erred in denying his motion to sever offenses. Specifically, the defendant contends the offenses should have been severed because the incidents were entirely separate in time,[1] they involved different victims, and aggravated rape is a crime of violence, whereas molestation of a juvenile is not.
The defendant filed a motion to sever offenses, arguing that the crimes were not of the same or similar character, not based on the same act or transaction, and not triable by the same mode of trial. The defendant alleged in his motion that severance was warranted because of potential jury confusion and because trying both cases at once would be highly prejudicial and would deny him a fair trial. The motion was denied.
At a pretrial hearing, the trial court, in denying the motion to sever, stated in pertinent part:
On the Motion to Sever Offenses, the issue relates to 412 evidence, which may be admissible during the course of the trial. . . . I'm not going to sever offenses because it does appear to the Court that in the interest of judicial economy, it would be appropriate to try the two alleged offenses together.
We agree with the trial court's ruling. Louisiana Code of Criminal Procedure article 493 states:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Louisiana Code of Criminal Procedure article 493.2 states:
Notwithstanding the provisions of Article 493, offenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict.
Louisiana Code of Criminal Procedure article 782(A) provides in pertinent part:
Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
The punishment for the offense of aggravated rape is necessarily confinement at hard labor. See La. R.S. 14:42(D)(1). The punishment for the offense of molestation of a juvenile is confinement with or without hard labor. See La. R.S. 14:81.2(B). Thus, while an aggravated rape case is triable by a twelve-person jury, and a molestation of a juvenile case is triable by a six-person jury, the cases may be properly joined under La. C.Cr.P. art. 493.2.
Louisiana Code of Evidence article 412.2(A) states:
When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
In ruling on a motion for severance, the trial court should consider a variety of factors in determining whether prejudice may result from the joinder: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and the evidence; (3) whether the defendant could be confounded in presenting his various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, considering the nature of the offenses, the charging of several crimes would make the jury hostile. A severance need not be granted if the prejudice can effectively be avoided by other safeguards. In many instances, the trial judge can mitigate any prejudice resulting from joinder of offenses by providing clear instructions to the jury. The State can further curtail any prejudice with an orderly presentation of evidence. A motion for severance is addressed to the sound discretion of the trial court, and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion. A defendant in any case bears a heavy burden of proof when alleging prejudicial joinder of offenses as grounds for a motion to sever. Factual, rather than conclusory, allegations are required. State v. Allen, 95-1515, pp. 5-6 (La. App. 1st Cir. 6/28/96), 677 So.2d 709, 713, writ denied, 97-0025 (La. 10/3/97), 701 So.2d 192.
In State v. Roca, XXXX-XXXX (La. App. 5th Cir. 1/13/04), 866 So.2d 867, writ denied, XXXX-XXXX (La. 7/2/04), 877 So.2d 143, the fifth circuit found a severance was not warranted where the defendant was charged with aggravated rape, aggravated rape of a juvenile, oral sexual battery of a juvenile, and molestation of a juvenile, which involved different victims, the defendant's biological daughter and his girlfriend's daughter. The court stated that the evidence of each offense would have been admissible under La. C.E. art. 412.2 as other crimes evidence at the trial of the other offense to show defendant's propensity to sexually abuse young females under his supervision and care. Roca, XXXX-XXXX at p. 10, 866 So.2d at 874. See State v. Burks, XXXX-XXXX, pp. 3-10 (La. App. 5th Cir. 5/31/05), 905 So.2d 394, 396-401, writ denied, XXXX-XXXX (La. 2/3/06), 922 So.2d 1176; see also State v. Bray, 548 So.2d 350, 353-354 (La. App. 4th Cir. 1989).
Similarly in the instant matter, evidence of either offense  aggravated rape or molestation of a juvenile  would have been admissible as other crimes evidence under La. C.E. art. 412.2 at the trial of the other offense to show the defendant's lustful disposition toward young females. In both cases involving sex offenses, the female victims were five years old. Also, in both cases, the defendant knew his victim well, in that he was either related to her or lived in the same house with her. Despite the lapse of time between the two offenses, the identity of the defendant as the perpetrator and the similar character of the offenses remained unchanged. See State v. Dickinson, 370 So.2d 557, 559-560 (La. 1979) (where the trial court's denial of a motion to sever was upheld in a case that involved the kidnapping-attempted rape of one victim and then, a year later, the kidnapping-attempted rape of another victim); State v. Mitchell, 356 So.2d 974, 978-980 (La.), cert. denied, 439 U.S. 926, 99 S.Ct. 310, 58 L.Ed.2d 319 (1978) (where the trial court's denial of a motion to sever was upheld in a case involving three rape victims over a five-month period). Further, the evidence of each offense was simple and distinct and was kept separate with a proper jury charge. See State v. Williams, 418 So.2d 562, 565 (La. 1982). Following closing arguments, but before charging the jury on the applicable law, the trial court succinctly stated:
Although the defendant in this case is charged with more than one count in the bill of indictment, it does not follow from this fact alone that if he is guilty of one count, he is guilty of all. You must consider each of the counts separately. The defendant is not to be prejudiced by the fact, if it should become a fact, that you return a verdict of guilty on one of the counts. Unless I indicate otherwise, all the instructions which I give you govern the case as to each count in the bill of the indictment.
Any potential prejudice by the joinder was effectively avoided by other safeguards. With proper jury charging, the jury could easily keep the evidence in each offense separate in its deliberations. See State v. Celestine, 452 So.2d 676, 680-681 (La. 1984); see also State v. Crochet, XXXX-XXXX (La. 6/23/06), 931 So.2d 1083 (per curiam). Accordingly, the trial court did not abuse its discretion in denying the defendant's motion to sever offenses.
The assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 1
In his first pro se assignment of error, the defendant argues that the trial court erred when it denied his motion to quash the indictment. Specifically, the defendant contends that more than two years had elapsed between the institution of prosecution and the commencement of trial.
Prosecution of the instant matter was instituted by indictment on August 18, 2003. The defendant filed a pro se motion to quash the indictment on August 18, 2008. At the October 14, 2008 hearing on the matter, the trial court denied the motion. The trial commenced on March 9, 2009.
Louisiana Code of Criminal Procedure article 578 provides that, in noncapital felony cases, "no trial shall be commenced . . . after two years from the date of institution of the prosecution." In the instant case, more than two years elapsed between institution of prosecution and the commencement of trial. However, in addition to a number of defense requests for continuances, the defendant filed a motion to quash on August 18, 2008. Louisiana Code of Criminal Procedure article 580 provides for suspension of the time limitations set forth in Article 578 in certain instances:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
A motion for a continuance filed by a defendant is a preliminary plea under Article 580 which suspends the running of the periods of limitation established by Article 578 until the court rules thereon. State v. Cranmer, 306 So.2d 698, 700 (La. 1975). Joint motions to continue likewise suspend the period of limitation. State v. Simpson, 506 So.2d 837, 838 (La. App. 1st Cir.), writ denie, 512 So.2d 433 (La. 1987). When the time limitation of Article 578 has apparently accrued, the burden shifts to the State to show an interruption or suspension of the prescriptive period. Simpson, 506 So.2d at 838. Although La. C.Cr.P. art. 707 provides for a motion for continuance to be in writing, where the occurrences that allegedly made the continuance necessary arose unexpectedly, and defense had no opportunity to prepare a written motion, the trial judge's denial of a defendant's motion for a continuance is properly before this court for review. State v. Washington, 407 So.2d 1138, 1148 (La. 1981).
The prosecution instituted on August 18, 2003, would have prescribed on August 18, 2005, had there been no suspension of the prescriptive period. However, the defendant filed numerous preliminary pleas over several years which suspended the running of prescription. See Simpson, 506 So.2d at 838. On December 17, 2004, the trial court granted the defense motion for continuance. This ruling suspended the time period for one year because at that time less than one year was left on the original prescriptive period. Thus, the State had (at least) until December 17, 2005 to commence trial. On November 14, 2005, the trial court granted a joint motion for continuance. The State had a minimum period of one year after this ruling to commence trial, or until November 14, 2006. On November 13, 2006, the trial court granted another defense motion for continuance.[2] The State had a minimum period of one year after this ruling to commence trial, or until November 13, 2007. On September 10, 2007, the trial court granted another defense motion for continuance.[3] The State had a minimum period of one year after this ruling to commence trial, or until September 10, 2008. On May 13, 2008, the trial court granted another defense motion for continuance.[4] The State had a minimum period of one year after this ruling to commence trial, or until May 13, 2009. Further, five months after the May 13, 2008 defense motion for continuance was granted, the defendant's pro se motion to quash the indictment (filed August 18, 2008) was denied by the trial court on October 14, 2008. From this ruling on the motion to quash, the State had a minimum period of one year to commence trial, or until October 14, 2009. Thus, the defendant's trial, which began on March 9, 2009, was timely commenced. See Simpson, 506 So.2d at 838.
The trial court was correct in denying the defendant's pro se motion to quash the indictment. The trial commenced well within a year of the trial court's last ruling on a defense motion. See Simpson, 506 So.2d at 838-39. Accordingly, this pro se assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 2
In his second pro se assignment of error, the defendant argues that his rights to a fair trial and due process were violated because of the trial court's erroneous admission at trial of other crimes evidence. Specifically, the defendant contends that evidence of other crimes allegedly committed by him was not admissible under the "lustful disposition" exception.
The defendant contends that the trial court erred when it allowed the jury to hear Sylvia testify that the defendant forced her to perform oral sex on him. When Sylvia testified at trial that the defendant forced her to perform oral sex on him, defense counsel failed to object contemporaneously to the admission of the evidence. Accordingly, this claim is not reviewable. See La. C.E. art. 103(A)(1); La. C.Cr.P. art. 841; State v. Cooks, 97-0999, p. 7 (La. 9/9/98), 720 So.2d 637, 642, cert. denied, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999).
The defendant further contends that the trial court erred in allowing the testimony of S.N. and T.R. as evidence of lustful disposition. According to the defendant, no exception under La. C.E. art. 404(B) was applicable to the instant case. Therefore, he argues that the allegations of oral sex by S.N. and T.R. were inadmissible under Article 404(B). The defendant's argument is misplaced.
Prior to trial, the State filed a notice of intent to introduce evidence of other offenses under La. C.E. art. 412.2. The defendant objected to the introduction of such evidence. In finding the evidence admissible, the trial court ruled:
[The] Court still feels that under 412.2, that the evidence of the similar crimes or wrong doings [sic] or acts is appropriate in connection with this case, despite the obvious prejudice that will occur to Mr. Meranta under 403. The Court has weighed that possible prejudice against the evidence sought to be admitted and feels it is admissible.
Louisiana Code of Evidence article 412.2 provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.
Louisiana Code of Evidence article 412.2 was a legislative response to earlier decisions from the Louisiana Supreme Court refusing to recognize a "lustful disposition" exception to the prohibition of other crimes evidence under La. C.E. art. 404. State v. Buckenberger, XXXX-XXXX, p. 9 (La. App. 1st Cir. 2/8/08), 984 So.2d 751, 757, writ denied, XXXX-XXXX (La. 11/21/08), 996 So.2d 1104. Ultimately, questions of relevancy and admissibility of evidence are within the trial court's discretion. Such determinations regarding relevancy and admissibility should not be overturned absent a clear abuse of discretion. See State v. Mosby, 595 So.2d 1135, 1139 (La. 1992).
Both of the victims listed in the indictment, K.C. and R.J., were minors. According to K.C.'s testimony at trial, the defendant forced K.C. to perform oral sex on him. Similarly, S.N. and T.R. testified at trial that they were minors when the defendant sexually assaulted them. Like K.C, both S.N., who was twelve years old, and T.R., who was seven to nine years old, were forced to perform oral sex on the defendant.
The other crimes evidence involving S.N. and T.R. was clearly permissible to prove lustful disposition toward children. There was no abuse of discretion in the trial court's ruling. The evidence concerning the incidents with S.N. and T.R. was admissible under La. C.E. art. 412.2, and the probative value of the evidence was not outweighed by the danger of unfair prejudice under La. C.E. art. 403. See State v. Verret, XXXX-XXXX, pp. 19-21 (La. App. 1st Cir. 3/23/07), 960 So.2d 208, 220-222, writ denied, XXXX-XXXX (La. 11/16/07), 967 So.2d 520.
This pro se assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER 3
In his third pro se assignment of error, the defendant argues that the trial court violated his right to a fair trial when it did not provide the jury with an adequate jury instruction on other crimes evidence. Specifically, the defendant contends that the trial court "failed to give the mandatory jury limiting instructi[on] regarding the proper purpose and use of the other crimes evidence as required by jurisprudence."
The trial court provided the following other crimes evidence jury instruction:
When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a person who was under the age of 17 at the time of the offense, evidence of the accused's commission of another crime, wrong, or act, involving sexually assaultive behavior or acts, which indicate a lustful disposition toward children, may be admissible and may be considered] for its bearing on any matter which is relevant.
Defense counsel did not object to the instructions given by the trial court. Toward the end of trial, prior to the State's rebuttal testimony and outside of the presence of the jury, the trial court noted that both sides had requested a number of changes to the jury instructions. Yet, when the trial court asked if there were any objections to be placed on the record, neither the prosecutor nor defense counsel objected.
We find the other crimes evidence jury instruction sufficient. Moreover, even if the instruction was deficient, as alleged by the defendant, such an error would in no way be a misstatement of the very definitions of the charged offenses. See State v. Williamson, 389 So.2d 1328, 1331 (La. 1980). Thus, because the error is not structural, it necessarily is not of such significance as to violate fundamental requirements of due process. Further, since defense counsel did not make a contemporaneous objection at trial, any alleged error regarding the jury instruction was not preserved for appellate review. See La. C.Cr.P. arts. 801(C) & 841(A); State v. Hongo, 96-2060, p. 5 n.3 (La. 12/2/97), 706 So.2d 419, 422 n.3; State v. Woods, 2000-2147, pp. 18-19 (La. App. 1st Cir. 5/11/01), 787 So.2d 1083, 1096-1097, writ denied, 2001-2389 (La. 6/14/02), 817 So.2d 1153.
This pro se assignment of error is without merit.

SENTENCING ERROR
Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:42(D)(1). In sentencing the defendant, the trial court failed to provide that the sentence was to be served at hard labor.[5] Inasmuch as an illegal sentence is an error discoverable by a mere inspection of the proceedings without inspection of the evidence, La. C.Cr.P. art. 920(2) authorizes consideration of such an error on appeal. Further, La. C.Cr.P. art. 882(A) authorizes correction by the appellate court.[6] We find that correction of this illegally lenient sentence does not involve the exercise of sentencing discretion and, as such, there is no reason why this court should not simply amend the sentence. See State v. Price, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112 (en banc), writ denied, XXXX-XXXX (La. 2/22/08), 976 So.2d 1277. Accordingly, since a sentence at hard labor was the only sentence that could be imposed, we correct the sentence by providing that it be served at hard labor.

CONCLUSION
Accordingly, we affirm the convictions and the sentence on the indecent behavior with a juvenile conviction. We amend the sentence for aggravated rape to provide that it be served at hard labor and affirm as amended.
CONVICTIONS AND INDECENT BEHAVIOR WITH A JUVENILE SENTENCE AFFIRMED. SENTENCE FOR AGGRAVATED RAPE AMENDED TO PROVIDE THAT IT BE SERVED AT HARD LABOR AND AS AMENDED, AFFIRMED. REMANDED FOR CORRECTION OF COMMITMENT ORDER, IF NECESSARY.
NOTES
[1] According to the indictment, the defendant committed molestation of a juvenile (count 2) between November 1, 1999 and February 2, 2000; he committed aggravated rape (count 1) on or between January 1, 2002 and February 13, 2003.
[2] Prior to November 13, 2006, several other defense motions for continuance were granted on May 22, 2006, June 15, 2006, and August 7, 2006.
[3] Prior to September 10, 2007, several other defense motions for continuance were granted on January 29, 2007, February 27, 2007, and May 21, 2007.
[4] Prior to May 13, 2008, several other defense motions for continuance were granted on November 26, 2007, January 23, 2008, and March 18, 2008.
[5] The minutes reflect that the defendant was sentenced to life without benefits with the Department of Public Safety and Corrections.
[6] "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." La. C.Cr.P. art. 882(A).