HIGGINBOTHAM, J.
|2The defendant, Keith Joseph, was charged by bill of information with three counts óf attempted second degree murder (counts 1-3), violations of La. R.S. 14:27 and 14:30.1; illegal possession of stolen firearms (count 4), a violation of La. R.S. 14:69.1(A); and possession of a firearm by a convicted felon (count 5), a violation of La. R.S. 14:95.1. He pled not guilty to all counts. Prior to trial, the defendant withdrew his not guilty pleas and, at a Boy-kin[1] hearing, entered an Alford plea to aggravated battery on count 1, a violation of La. R.S. 14:34; and an Alford plea to second degree battery on count 2, a violation of La. R.S. 14:34.1.' The State dismissed counts 3, 4, and 5. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The defendant’s pleas were also entered pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). For the aggravated battery conviction, the defendant was sentenced to four years- imprisonment at hard labor. For the second degree battery conviction, the defendant was sentenced to five years imprisonment at hard labor; the five-year sentence was suspended and the defendant .was placed on'five years of supervised probation. The defendant now appeals, asserting one pro se assignment of error.
FACTS
The following facts were provided by the prosecutor at the Boykin hearing:
On or about June 18, 2012, in Iberville Parish Mr. Keith Joseph did participate with a one, Gabriel King,, in. the discharge of a firearm striking a Calvin Trice resulting in Count 1 the aggravated battery on Calvin Trice.
Second count, the State would intend to prove that Keith Joseph did participate with a one, Gabriel King, in the firing of a weapon that did strike, a Ron Alexander resulting in the charge of seer ond degree battery.
Mr. Keith Joseph’s cases both have been amended to be as principal to those actions.
' | ffISSUES PRESENTED
Defense counsel has filed a motion to -withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam); and State v. Benjamin, 573 So 2d 528 (La. App. 4th Cir. 1990),[2] defense counsel has filed a supporting brief to the motion to withdraw arguing that, after a conscientious and thorough review of the record, she has found no non-frivolous issues for appeal and no ruling of the trial court that arguably supports an appeal.
Defense counsel has notified the defendant of the filing of this motion and informed him of his right to file a pro se supplemental brief on his own behalf. The *530 defendant has filed a pro se “motion” with this court.
In his sole pro se assignment of error, the defendant argues appellate ineffective assistance of counsel, The defendant suggests appellate counsel’s filing of the instant Anders brief constitutes ineffective assistance of counsel. According to the defendant, appellate counsel “did not get any pertinent documents to go along with the appeal.” The defendant contends that everything needed for this appeal are those documents under a writ previously filed by him, namely State v. Joseph, 2016-0661 (La. App 1st Cir. 6/27/16) (unpublished writ), wherein this court granted the writ and remanded to the district court to enter an order of appeal. The defendant suggests these documents clearly support his claim of the State’s failure to timely commence trial within two years of the filing of the bill of information. See La. Code Crim. P. art. 578. Accordingly, the defendant in this pro se “motion” asks for “an attorney who will really make a conscientious and thorough review of the record.”
I ¿Under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Legrand, 2002-1462 (La. 12/3/03), 864 So.2d 89, cert. denied, 544 U.S. 947, 125 S.Ct. 1692, 161 L.Ed.2d 523 (2005). To be successful in arguing ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It is absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court. State ex rel. Sparkman v. State, 2015-1726 (La. 10/17/16), 202 So.3d 488, 491 (per curiam).
In reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of the United States has expressly observed that appellate counsel need not advance every argument, regardless of merit, urged by the defendant. Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The Court gives great deference to professional appellate strategy and applauds counsel for winnowing out weaker arguments on appeal and focusing on one central issue if possible, and at most a few key issues. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed,2d 987 (1983). This is true even where the weaker arguments have merit. Id., 463 U.S. at 751-52, 103 S.Ct. at 3313. See Sparkman, 202 So.3d at 491.
When the claim of ineffective assistance of appellate counsel is based on failure to raise the issue on appeal, the prejudice prong of the Strickland test requires the petitioner to establish that the appellate court would have granted relief, had the | ¿issue been raised. United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). See Sparkman, 202 So.3d at 491.
The defendant was charged by bill of information with one count of attempted first degree murder of two people on August 15, 2012. In a superseding bill of information filed on April 4, 2014, the defendant was charged with three counts of attempted second degree murder, illegal possession of stolen firearms, and possession of a firearm by a convicted felon. Each victim in the single count in the first bill of information was separated out into *531 the first two counts in -the new bill of information. A new third victim was added in count three of attempted second degree murder in the new bill of information.
At the Boykin hearing on January 4, 2016, in exchange for defendant’s guilty pleas, the State, agreed to dismiss several charges, nol-prossed counts 3, 4, and 5. The State also agreed to reduce counts 1 and 2 to aggravated battery and second degree battery, respectively. Before pleading guilty, both under Alford and Crosby, the defendant sought to have his pro se motion to quash the bill of information (on the grounds that the time limitations for commencement of trial had expired) addressed by the court. The trial court agreed and conducted a hearing on the motion to quash. The trial court found that since the new bill of information was filed April 4, 2014, the State had two years from that date, or until April 4, 2016, to bring the matter to trial. Accordingly, the trial court denied the motion to quash.
The trial court’s ruling on the defendant’s pro se motion to quash was correct. Under La. Code Crim. P. art. 578(2), no trial shall be commenced in (non-capital) felony cases after two years from the date of institution of the prosecution. While the original bill of information (docket no. 635-12A) was filed on August 15, 2012, a superseding bill of information with a new docket number (291-14A) was filed on April 4, 2014. See State v. Love, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1202-07; State v. Freeman, 37,312 (La. App. 2nd Cir. 7/16/03), 850 So.2d 1088, writ denied, 2003-2466 (La. 2/6/04), 865 So.2d 740. At a pretrial hearing on September 18, 2014—the date the defendant was re-arraigned and pled not guilty to the new charges in the new bill of information—the prosecutor specifically noted to the trial court that it was entering “a nolle pros in docket number in 635-12AD.” The trial court affirmed this, “The old one and substituted the new one.” The prosecutor responded, “Correct,” and defense counsel responded, “We acknowledge that. Thank you.”
Moreover, even if the newly filed bill of information was not considered a superseding bill, commencement of trial (had there been a trial) would still have been timely under La. Code Crim. P. art. 578. When the second bill of information was filed on April 4, 2014, the State had over four months to commence trial (since the first bill was filed on August 15, 2012), or until August 15, 2014. The minutes of the record indicate that on the following dates, on motion of defense counsel, the trial court ordered the matter to be continued: June 5, 2014; September 30, 2014; April 30, 2015; and July 14,2015.
La. Code Crim. P. art. 580(A) provides: When a defendant files a motion, to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
For purposes of La. Code Crim. P. art. 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. Joint motions for a continuance fall under the same rule. State v. Brooks, 2002-0792 (La. 2/14/03), 838 So.2d 778, 782 (per curiam). Accordingly, each time the trial court in the instant matter ruled on defense counsel’s motion for continuance, the State had either the remainder of the time limitations under La. Code Crim. P. art. 578 or a Uminimum period of one year from the *532 date of the ruling in which to commence trial, whichever time was longer. See State v. Lathan, 41,855 (La. App. 2nd Cir. 2/28/07), 953 So.2d 890, 894, writ denied, 2007-0805 (La. 3/28/08), 978 So.2d 297. See also State v. Cranmer, 306 So.2d 698, 700 (La. 1975); La. Code Crim. P. art. 580, Official Revision, comment (a).
Here, the initial prosecution, instituted on August 15, 2012, would have prescribed on August 15, 2014, had there been no suspension of the prescriptive period. However, the trial court granted several motions for continuance, the last of which was granted on motion of defense counsel on July 14, 2015. Thus, at this point, the State had until July 14, 2016 to commence trial. The defendant forwent a trial however, and chose to plead guilty to reduced-charges on January-14, 2016. Accordingly, his trial would have been timely commenced. See State v. Marshall, 99-2884 (La.App. 1st Cir. 11/8/00), 808 So.2d 376, 378-80; State v. Simpson, 506 So.2d 837, 838-39 (La. App. 1st Cir.), writ denied, 512 So.2d 433 (La. 1987).
The trial court properly denied the defendant’s pro se motion to quash. The trial, had there been one, would have commenced well within a year of the trial court’s last ruling on a defense motion. See Simpson, 506 So.2d at 838-39. Accordingly, because there was no violation of the defendant’s statutory or constitutional right to a speedy trial, see Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972), the filing of the instant Anders brief by appellate counsel, Jane L. Beebe, did not constitute ineffective assistance of counsel. This pro se assignment of error is without merit.
This court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The der fendant was properly charged by bill of information with three counts of attempted second degree murder (counts 1—3), violations of La. R.S. 14:27 and 14:30.1; illegal possession of stolen firearms (count 4), a violation of La. R.S. 14:69.1(A); and [^possession of a firearm by a convicted felon (count 5), a violation of La. R.S. 14:95.1. The bill of information was signed by the Assistant District Attorney. The defendant was present and represented by counsel at arraignment, the guilty plea hearing, and sentencing. The sentences imposed are legal in all respects. See Benjamin, 573 So.2d at 531.
The only issue presented by defense counsel is whether the record reveals patent error under La. Code Crim. P. art. 920(2). This court routinely reviews the record for such errors, whether or not such a request is made by a defendant or defense counsel. Under La. Code Crim. P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible errors. See State v. Price, 2005-2514 (La.App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.
Our independent review reveals no non-frivolous issues which, arguably support this appeal. Accordingly, the defendant’s convictions and. sentences are affirmed. Defense counsel’s motion to withdraw is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.

. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. In State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in Benjamin for use by the appellate courts of Louisiana. See Jyles, 704 So.2d at 241,